972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Phillip CHESTER, a Sole Proprietor d/b/a Phillip Chester
Electrical Contractor, Respondent.
 No. 92-5837.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Phillip Chester, a sole proprietor d/b/a Phillip Chester Electrical Contractor, his officers, agents, successors and assigns, enforcing its order dated February 11, 1992, in Case Nos. 26-CA-14290 and 26-CA-14450, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Phillip Chester, a sole proprietor d/b/a Phillip Chester Electrical Contractor, his officers, agents, successors and assigns, shall:
 
 1. Cease and desist from:
 
 3
 a. Coercively interrogating any employee about union support or union activities.
 
 
 4
 b. Expressly or impliedly threatening to close the business and to reopen under a new name in order to avoid having to recognize and bargain with the Union, IBEW Local 429, (hereinafter called the Union).
 
 
 5
 c. Laying off employees, or otherwise discriminating against them, for supporting the Union or any other union.
 
 
 6
 d. Laying off employees without first giving the Union notice and an opportunity to bargain over the decision to lay off, including the selection of employees for layoff, and the effects of the decision on those laid off and on all unit employees.
 
 
 7
 e. In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act, (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 9
 a. On request, recognize and bargain with the Union as, effective January 19, 1991, the exclusive representative of the employees in the following appropriate unit, concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:
 
 
 10
 All employees performing electrical work employed by Phillip Chester, d/b/a Phillip Chester Electrical Contractor, at his Clarksville, Tennessee location; excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act.
 
 
 11
 b. Offer Keith Moss, Jerry Moss, and Jerry Manlove, honoring the order of their seniority, immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Administrative Law Judge's Decision.
 
 
 12
 c. Reinstate and make whole Edward Horan and, to the extent he has not otherwise been made so, Jerry Manlove, who were laid off, respectively, on January 31, 1991 and March 22, 1991, for any loss of pay or other employment benefits suffered as a result of Company's unlawful conduct, in the manner set forth in the remedy portion of the Administrative Law Judge's Decision.
 
 
 13
 d. Remove from its files any reference to the discriminatory layoffs of Keith Moss, Jerry Moss, and Jerry Manlove, and notify the employees in writing that this has been done and that the layoffs will not be used against them in any way.
 
 
 14
 e. Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 15
 f. In lieu of posting, mail to the last known address of the eight employees on Company's payroll as of January 19, 1991, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 26 of the National Labor Relations Board (Memphis, Tennessee), after being signed personally by Phillip Chester, shall be mailed by the Respondent to each of the eight employees.
 
 
 16
 g. Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 I WILL NOT coercively question you about your union support or activities.
 
 
 25
 I WILL NOT expressly or impliedly threaten to close the business and reopen under a new name in order to avoid having to recognize and bargain with the Union, IBEW Local 429.
 
 
 26
 I WILL NOT lay you off or otherwise discriminate against you for supporting IBEW Local 429 or any other union.
 
 
 27
 I WILL NOT lay you off without first giving the Union notice and an opportunity to bargain over the decision to lay you off, including the selection of employees for layoff, and the effects of the decision on those laid off and on all unit employees.
 
 
 28
 I WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 29
 I WILL, on request, recognize and bargain with IBEW Local 429 as, effective January 19, 1991, the exclusive representative of the employees in the following appropriate unit, concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:
 
 
 30
 All employees performing electrical work employed by Phillip Chester, d/b/a Phillip Chester Electrical Contractor, at his Clarksville, Tennessee location; excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act.
 
 
 31
 I Will, honoring the order of their seniority, offer Keith Moss, Jerry Moss, and Jerry Manlove immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and I WILL make them whole for any loss of earnings and other benefits they may have suffered as a result of their discriminatory layoffs.
 
 
 32
 I WILL reinstate and make whole Edward Horan and, to the extent he has not otherwise been made so, Jerry Manlove, who were laid off, respectively, on January 31, 1991 and March 22, 1991, for any loss of pay or other employment benefits suffered as a result of my failure to notify the Union and give it an opportunity to bargain over the decisions to lay them off, including their selection, and the effects of those decisions. I WILL give that notice now and offer to so bargain.
 
 
 33
 I WILL remove from the files of my company any reference to the discriminatory layoffs of Keith Moss, Jerry Moss, and Jerry Manlove, and I WILL notify each in writing that this has been done and that the layoffs will not be used against them in any way.
 
 
 34
 /s/PHILLIP CHESTER, a sole proprietor, d/b/a
 
 
 35
 /s/PHILLIP CHESTER ELECTRICAL CONTRACTOR
 
 
 36
 /s/(Employer)
 
 Dated ____________
 
 37
 By ___________________________________ (Representative) (Title)
 
 
 38
 This is an official notice and must not be defaced by anyone.
 
 
 39
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's office, 1407 Union Avenue, Suite 800, Memphis, Tennessee 38104-3627, Telephone 901-722-2687.